# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06cv114

| | |
|---|---|
| FLORCON CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DEVERE CONSTRUCTION ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on the proposed third-party plaintiff's Motion to Intervene (#18). While the proposed third-party plaintiff states in its motion that counsel for plaintiff Devere Construction Co., Inc., was contacted in an attempt to resolve the motion "to no avail," no party presently in this action has interposed any objection to the proposed relief within the time allowed.

In reviewing the proposed third-party plaintiff's motion as well as its Third-Party Complaint, the proposed third-party plaintiff alleges that it is a North Carolina corporation with a principal place of business in South Carolina, that proposed third-party defendant Devere is a Michigan corporation, and that Florcon is a North Carolina corporation. This action was, however, removed from the North Carolina General Court of Justice, Superior Court Division, for Iredell County, upon an assertion of complete diversity jurisdiction. Docket Entry 1, at ¶ 3.

Under 28, United States Code. Section 1332(c), a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where

it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Thus, the proposed third-party plaintiff and third-party defendant Florcon are not diverse. There are two types of intervention under Rule 24, Federal Rules of Civil Procedure: intervention as a matter of right under Rule 24(a); and permissive intervention under Rule 24(b). Where a third-party plaintiff is allowed in intervene as a matter of right, such

> intervention by right has been repeatedly held to fall under a federal court's ancillary jurisdiction and to have no effect on the complete diversity of the parties.

Zimmerman v. Bell, 101 F.R.D. 329, 331 (D.Md. 1984). The opposite is true for permissive intervention under Rule 24(b), and it would appear to this court that unless the proposed third-party plaintiff makes a prima facie showing under Rule 24(a) for joinder as a matter of right, it would be improper to allow joinder under Rule 24(b) as such would defeat complete diversity.

To make a prima facie showing as to intervention as a matter of right, a proposed third-party plaintiff must make a very specific showing:

> To intervene as a matter of right under Fed.R.Civ.P. 24(a)(2), the moving party must show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties.

Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 120 (4th Cir. 1981)(citations and footnote omitted).

In moving to intervene under Rule 24(a)(2), the proposed third-party plaintiff has not filed a supporting memorandum of law as required by LCvR 7.2, and the little more than two page motion which contains no citations to case law simply does not

satisfy the requirement of the court's rules.[1]

Despite such problems, the court has closely reviewed the motion in light of the three considerations outlined by the Court of Appeals for the Fourth Circuit in Newport News, supra, and finds that the first factor is satisfied. As to the second factor, the proposed third-party plaintiff states that

> in order to prevent the statute of limitations of running, and to bring a more complete resolution to this matter, Southern Concrete now seeks to intervene in the immediate action and to directly assert its claims against the parties for breach of contract, unjust enrichment/quantum meruit, and promissory estoppel.

Motion to Intervene (#18), at 2. The running of a third-party's statute of limitation does not, however, appear to be probative inasmuch as

> any failure on their [the third-party plaintiff's] part to act within the applicable statutes of limitations does not sufficiently impair their interests to warrant intervention under Rule 24(a)(2); rather, the harm to their interests must be attributable to the court's disposition of the suit in which intervention is sought.

United States v. City of New York, 198 F.3d 360, 366 (2nd Cir. 1999)(citation omitted). Thus, the court has not yet been given enough information under the second factor to allow intervention of right.

Turning next to the third factor, which is adequate representation by plaintiff, the proposed third-party plaintiff states that

> On information and belief, Florcon included in its claims for lost income, claims for payment for change order work performed by Southern Concrete at the direction of Devere. Initially, Southern Concrete

---

[1] The proposed third-party plaintiff's only citation of law is to Rule 24(a) of the North Carolina Rules of Civil Procedure, which is not applicable in federal court.

and Florcon agreed to work together to seek relief for Southern Concrete's outstanding invoices.

Motion to Intervene (#18), at 2. The court cannot discern from such statement and the sentence that follows (set forth above) that Florcon will not adequately represent the claims of its subcontractor in this matter. At a minimum, the proposed third-party plaintiff must affirmatively state that Florcon will not adequately represent its interest and that Florcon has not asserted a claim in its Complaint on Southern States' behalf. At best, the statement presently before the court is equivocal, and reflects that, perhaps, Southern States has not reviewed the Complaint in this matter.[2] While it is a minimal one, the burden is the proposed third-party plaintiff to show that its interests are inadequately represented. Blanchard v. Johnson, 532 F.2d 1074, 1077 (6th Cir.1976),

While this court may be viewed as nitpicking, such close scrutiny is for the good of all parties, because allowing intervention of right without requiring proper support would leave any judgment open to a collateral attack, as occurred in Carden v. Arkoma Associates, 494 U.S. 185 (1990). There simply is no permissive joinder to fall back on in this case as there is not complete diversity between Southern States and Florcon. Indeed, a party - - even one who remains silent and does not oppose intervention - - cannot waive subject matter jurisdiction, and if the court makes the wrong call, as happened in Carden, then the effort and expense to all concerned - - especially the taxpayer - - was for naught.[3]

---

[2] The court can find no mention of Southern States in plaintiff's Complaint.

[3] Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382

The court will, therefore, respectfully require the proposed third-party plaintiff to comply with Rule 7.2, LCvR (W.D.N.C.), and file a memorandum of law in support of its Motion to Intervene.  Responsive memoranda of law from the proposed third-party defendants are optional under Rule 7.1, but the court would appreciate written notice if no briefs are forthcoming so that additional delay can be avoided.  Replies will not be allowed except upon a showing of a particular need.

**ORDER**

**IT IS, THEREFORE, ORDERED** that consideration of the proposed third-party plaintiff's Motion to Intervene (#18) is **STAYED**, and the proposed third-party plaintiff shall file its Memorandum of Law in support not later than October 19, 2007.

---

(1884).  The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as  a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment.  Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804).   The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

Signed: October 11, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge